UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH T. WILSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1800-CDP |
| ) | |
| DAN BULLOCK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 77444), an inmate at St. Francis County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.54. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $86.28, and an average monthly balance of $17.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.54.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937,

1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Dan Bullock (Sheriff, St. Francis County); Dennis Smith (Sergeant); and Hardy White (Corporal).

Plaintiff alleges that, pursuant to the Jail's mail policy, inmates are forced to use postcards, as opposed to closed letters for all outgoing and incoming correspondence. Further, plaintiff complains about the conditions of confinement at the Jail, asserting that there is overcrowding in the cells, there are unsanitary conditions in the jail, prisoners are not given personal hygiene items, and the inmates are served unsanitary food.

In his request for relief, plaintiff seeks injunctive relief and attorneys' fees.

**Discussion**

Plaintiff's complaint is largely devoid of specific factual allegations against specific defendants. Instead, he has made generalized claims about the Jail's mail policy. Plaintiff does

not allege a single instance of being personally affected by the purported Jail mail policy. Instead, he alleges that another inmate was not permitted to send a closed letter that inmate attempted to send. Plaintiff cannot bring the claims of other inmates before this Court. Plaintiff is not an attorney and is not authorized to assert constitutional claims on behalf of the inmates who reside at the Correctional Center with him. See 28 U.S.C. § 1654. Therefore, the Court declines to address his arguments on behalf of another inmate.

The Supreme Court has recognized that "[i]nmates clearly retain protections afforded by the First Amendment." O'Lane v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The addressee as well as the sender of direct personal correspondence is protected by the First Amendment against unjustified governmental interference with communication. Procunier v. Martinez, 416 U.S. 396, 408–09 (1974) (citing Lamont v. Postmaster General, 381 U.S. 301 (1965)). The Court determines the constitutionality of prison staff's scrutiny of incoming and outgoing non-legal mail[1] by evaluating whether "the regulation [is] reasonably related to a legitimate penological interest." Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994). "Non-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail] cannot give rise to civil rights violations." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981).

Because plaintiff has not alleged that the Jail in any way interfered with his ability to send and receive non-legal mail, or read his legal mail, the Court finds that plaintiff has not properly alleged a violation of his constitutional rights with respect to this claim.

Further, plaintiff's conclusory and generalized allegations regarding what he believes to be unlawful conditions of confinement are subject to dismissal for failure to state a claim upon which

---

[1] The First Amendment affords greater protection to an inmate's confidential communications between himself and his counsel of record. See Foster v. Helling, 210 F.3d 378 (8th Cir. 2000) ("Prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail." (citing Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir.1994)).

relief may be granted.

In order to establish an unlawful conditions of confinement claim in violation of the 8th Amendment, a plaintiff must allege that he has been subjected to "extreme" deprivations and been denied "minimal civilized measure of life's necessities." See Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992); Howard v. Adkinson, 887 F.2d 134, 137 (8th Cir. 1989); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The focus in a "conditions of confinement" case often falls on the length of exposure to the purported unsanitary conditions and the level of alleged filthiness the inmate was supposedly exposed to. See Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003); Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994) (length of time required for conditions to be unconstitutional decreases as level of filthiness increases).

Plaintiff's allegations that there is overcrowding in the cells, there are unsanitary conditions in the Jail, prisoners are not given personal hygiene items, and the inmates are served unsanitary food are nonspecific claims that lack any detailed accompanying information, other than his bald legal conclusions that such conditions are unlawful. Just like the allegations in Ashcroft v. Iqbal, plaintiff's assertions are nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. 129 S. Ct. 1937, 1949 (2009).

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

With regard to plaintiff's request for appointment of counsel, the Court notes that there is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

It is not yet apparent that plaintiff can state non-frivolous claims under 42 U.S.C. § 1983. Further, the Court finds that the facts and legal issues raised by plaintiff are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $16.54 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form "Prisoner Civil Rights Complaint."

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty

(30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court may dismiss this action without further proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel [Doc. No. 7] is **DENIED** without prejudice.

Dated this 19th day of December, 2014.

/s/ Catherine D. Perry
_____
**CATHERINE D. PERRY**
**UNITED STATES DISTRICT JUDGE**